IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| Renovo Home Partners, LLC, *et al.*,[1] ) | Case No. 25-11937 (TMH) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date: February 10, 2026 at 10:00 a.m. (ET) |
| ) | Obj. Deadline: January 6, 2026 at 4:00 p.m. (ET) |

## MOTION OF RICARDO PALACIO, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 COMPELLING PRODUCTION OF BANK RECORDS BY BANK OF AMERICA

Ricardo Palacio, the interim chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates (the "Estates"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) compelling Bank of America ("Bank of America") to produce certain records related to accounts held by or in the names of the Debtors or related to the Debtors' assets and (ii) authorizing the Trustee to issue subpoenas directed to Bank of America to the extent necessary to obtain the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Renovo Home Partners, LLC (1823); HomeRenew Intermediate Holdings, Inc. (6614); HomeRenew Buyer, Inc. (9541); Dreamstyle Remodeling, LLC (2744); Dreamstyle Remodeling of California, LLC (2383); Legacy Custom Building & Remodeling (0376); Dreamstyle Remodeling of Idaho, LLC (4854); Dreamstyle Remodeling of Colorado, LLC (1233); Remodel USA, LLC (9255); Alure Designs, LLC (3142); Alure Home Improvements, LLC (6347); Reborn Cabinets, LLC (5709); Woodbridge Home Solutions of Kansas, LLC (8877); Newpro Operating, LLC (5129); Minnesota Rusco, LLC (7330); Woodbridge Home Solutions, LLC (0470); Newpro Plumbing LLC (7630); Reborn Manufacturing, LLC (4161); Woodbridge Shower and Bath LLC (2087). The Debtors' mailing address was 4519 Sigma Road, Suite 100, Dallas, TX 75244.

{02190697;v1 }

Requested Records (as defined below). In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

### A. General Background

4. Prior to the Petition Date (as defined below), the Trustee understands the Debtors operated a direct-to-consumer platform that provided home repair and remodel products and services. The Trustee further understands that Debtors' principal place of business was 4519 Sigma Road, Suite 100, Dallas, TX 75244.

5. On November 3, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, commencing these Chapter 7 Cases (the "Cases"). (*See* Chapter 7 Cases, Dkt. Nos. 1).

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Ricardo Palacio to serve as interim Chapter 7 Trustee in these Cases. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was convened on

December 12, 2025 and continued to January 29, 2026.

      **B.    The Trustee's Need and Request for Banking Records Relating to the Debtors' Accounts**

      7.    The Trustee commenced a preliminary investigation into the Debtors' businesses, and this investigation is ongoing. Among other things, the Trustee has reviewed certain currently available information concerning transfers made by the Debtors (i) on or within the 90 days before the Petition Date and (ii) on or within 1 year before the Petition Date, and has identified potential actions to avoid and recover certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code. The Trustee is working with his accountants to more completely reconstruct the Debtors' financial picture and identify material transactions with respect to potential claims or that could lead to recovery of assets for the benefit of the Debtors' Estates. However, certain information necessary to complete this analysis is missing from the Debtors' books and records, including banking records relating to various accounts held by or in the names of the Debtors or that relate to the Debtors.

      8.    To that end, based on the Trustee's investigation thus far and the Debtors' books and records, the Trustee and his accountants identified certain accounts held by Bank of America in the names of one or more of the Debtors. On or about December 1, 2025, the Trustee sent a letter (the "December 1 Letter")[2] to Bank of America, requesting documents necessary to the Trustee's investigation and analysis. The December 1 Letter explained the Trustee's appointment in these Cases, and requested the following regarding bank accounts in the names of the Debtors held by Bank of America: (i) all funds held in bank accounts in the name of any of the Debtors or any funds that may be deposited into the accounts in the future, (ii) copies of bank statements with

---

[2] The Trustee will provide a copy of the December 1 Letter to the Court or parties-in-interest upon request.

check images, outgoing wire transfer advices, withdrawal tickets, debit memos, and ACH advices, (iii) copies of any official bank checks or tellers checks that were purchased or obtained from withdrawals, (iv) supporting documents that identify the payee of all payments for any "batched" payments, (v) copies of any agreements and statements, (vi) copies of credit card statements, and (vii) copies of signature cards and account opening paperwork for the years 2021, 2022, 2023, 2024, and stub year 2025 (collectively, the "Requested Records").

9. On December 8, 2025, Bank of America responded to the December 1 Letter, stating that to produce the Requested Records, a subpoena compelling production was needed.

## RELIEF REQUESTED

**A. The Trustee is Entitled to the Requested Records, Which Are Necessary to the Administration of the Debtors' Estates.**

10. Bankruptcy Rule 2004 provides that the Court, upon the motion of a party in interest, may order the examination of the Debtor or any party in interest. Rule 2004 provides, in pertinent part, as follows:

> a) *Examination on Motion*. On Motion of any party in interest, the Court may order the examination of any entity.
>
> b) *Scope of Examination*. The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> c) *Compelling Attendance and Production of Documents*. The attendance of an entity for examination and the production of documents . . . may be compelled in the manner provided in Rule 9016 for the attendance of a witness at a hearing or trial. . . .

Fed. R. Bankr. P. 2004(a)-(c).

11. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009).

Proper goals of Rule 2004 examinations include "'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citation omitted)); *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'") (citations omitted).

12. "Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Thus, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *Wash. Mut.*, 408 B.R. at 49 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). Indeed, the scope and breadth of Rule 2004 have been described as "in the nature of a 'fishing expedition.'" *Id*.

13. A Rule 2004 examination is warranted here. The Trustee requires the Requested Records to facilitate his review of the Debtors' finances and analyze transactions leading up to, and after, the Petition Date. The Trustee's request falls squarely within the parameters of Bankruptcy Rule 2004, as it relates to the "property or to the liabilities and financial condition of the debtor," and the Requested Records vitally concern and affect the administration of the Debtors' Estates. Fed. R. Bankr. P. 2004(b). The records are necessary to, among other things,

ascertain and provide supporting documents for potential preferential or fraudulent transfers, as well as to determine the existence of other possible claims or defenses that may inure to the benefit of the Debtors' Estates or potential targets of avoidance actions. *See* 11 U.S.C. § 547(b); *Center City Healthcare, LLC et al. v. McKesson Plasma & Biologics LLC et al. (In re Center City Healthcare, LLC)*, 641 B.R. 793, 800-802 (Bankr.D.Del. 2022). Absent this information, the Trustee's ability to investigate and prosecute causes of action on behalf of the Debtors' Estates will be restricted and unduly prejudiced.

14. The Trustee and his professionals have attempted to obtain such documents through alternative avenues, including the Debtors' own books and records. Moreover, the documents are not complex or innumerable, nor will their production by Bank of America be unduly burdensome. To the contrary, the records are of the sort often requested by current and former account holders. Accordingly, the Trustee submits that good cause exists for the Court to grant the Motion and enter the attached form of order, compelling Bank of America to produce the Requested Records.

## CERTIFICATION OF CONFERENCE

15. As explained above, on or about December 1, 2025, the Trustee sent a letter to Bank of America requesting documents necessary to the Trustee's investigation and analysis. However, to date, Bank of America has not produced the Requested Records. Accordingly, it is necessary for the Trustee to file this motion. The Trustee remains hopeful that a consensual resolution of the issues discussed herein will be possible, and, to the extent feasible, will continue to work with Bank of America and their counsel and/or representatives towards this end after the filing of this Motion.

## NOTICE

16. Pursuant to Local Rule 2004-1(d), the Trustee will provide notice of this Motion

to: (a) the Office of the United States Trustee; (b) Bank of America; and (c) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

**WHEREFORE**, the Trustee requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (i) directing Bank of America to produce the Requested Records within 14 days of entry of the Order, or such other relief and such other date as may be agreed to by the Trustee; (ii) authorizing the Trustee to issue a subpoena to the extent necessary to obtain the Requested Records, and (iii) granting such other relief as is just and proper.

Dated: December 23, 2025
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Fax: (302) 654-2067
Email: GTaylor@ashbygeddes.com

*Counsel to Ricardo Palacio,*
*Interim Chapter 7 Trustee*