UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Renovo Home Partners, LLC[1],<br><br>Debtor. | Case No. 25-11937 (TMH)<br><br>Chapter 7 Case<br>(Jointly Administered)<br><br>Hearing Date: February 10, 2026 at 10:00 a.m. (ET)<br>Objection Deadline: January 30, 2026 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## AS TO DEBTOR MINNESOTA RUSCO, LLC

Zeanta Jill Bryant (Creditor or Bryant) a Minnesota resident, through her undersigned counsel, files this Motion for Relief from the Automatic Stay (the "Motion") under 11 U.S.C. § 362(d), seeking an order from the Bankruptcy Court modifying the automatic stay to allow Bryant to obtain a judgment relating to a breach of contract and contractor theft by the debtor, Minnesota Rusco, LLC (Debtor or Rusco). In support of her motion, Bryant states as follows:

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Renovo Home Partners, LLC (1823); HomeRenew Intermediate Holdings, Inc. (6614); HomeRenew Buyer, Inc. (9541); Dreamstyle Remodeling, LLC (2744); Dreamstyle Remodeling of California, LLC (2383); Legacy Custom Building & Remodeling (0376); Dreamstyle Remodeling of Idaho, LLC (4854); Dreamstyle Remodeling of Colorado, LLC (1233); Remodel USA, LLC (9255); Alure Designs, LLC (3142); Alure Home Improvements, LLC (6347); Reborn Cabinets, LLC (5709); Woodbridge Home Solutions of Kansas, LLC (8877); Newpro Operating, LLC (5129); Minnesota Rusco, LLC (7330); Woodbridge Home Solutions, LLC (0470); Newpro Plumbing LLC (7630); Reborn Manufacturing, LLC (4161); Woodbridge Shower and Bath LLC (2087). The Debtors' mailing address was 4519 Sigma Road, Suite 100, Dallas, TX 75244.

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein is § 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 4001.

2.      The Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 03, 2025 (the "Petition Date").

## II. FACTS

3.      Minnesota Rusco LLC is a general contractor in Minnesota that does residential remodels, among other things.

4.      The underlying claim involves a lawsuit in Minnesota against Rusco by Bryant relating to a contract for the remodel of Bryant's home.

5.      Bryant and Rusco entered into a contract on or about July 2, 2025, whereby Rusco agreed to perform work and furnish materials to Bryant in connection with a remodel of her bathroom.

6.      Shortly after, Bryant paid Rusco for the project and additional funds for materials totaling around $20,000.

7.      Rusco did not do any work under the contract or at Bryant's home.

Rusco has not refunded Bryant any of Bryant's payments.

8. On or about November 7, 2025, Bryant filed a lawsuit against Rusco for $20,000 in damages in Minnesota Conciliation Court, in order to get a judgment and recover from the Minnesota Contractor Recovery Fund, a non-bankruptcy source of funds.

### III. RELIEF REQUESTED

9. Bryant seeks relief from the automatic stay under Sections 362(d)(1) and (2) of the Bankruptcy Code so that she may proceed with her lawsuit and recover from the Minnesota Contractor Recovery Fund, a non-bankruptcy source of funds.

### IV. GROUNDS FOR RELIEF

10. Section 362(d)(1) of the Bankruptcy Code provides that upon a request from a party in interest, the Court shall grant relief from the automatic stay "for cause." The existence of "cause" must be determined on a case-by-case basis. *Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

11. *In American Airlines, Inc. v. Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993), the Court set forth the criteria to be considered in determining whether "cause" exists to lift the stay to allow parties to litigate their dispute in a non-bankruptcy forum:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for

"cause" from the automatic stay courts generally consider the polices underlining the automatic stay in addition to the competing interest of the Debtor and the Movant. In balancing the competing interest of the Debtor and the Movant, courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted.

12.  First, the Debtor will not suffer any prejudice should this stay be lifted. Bryant merely wishes to recover her damages from a non-bankruptcy source of funding—The Minnesota Contractor Recovery Fund—that will not impact Debtor or these bankruptcy proceedings at all.

13.  Second, the hardship to Bryant in denying relief from the stay greatly outweighs the hardship to the Debtor if the stay is lifted. The Debtor will suffer no prejudice should the Motion be granted as Bryant does not seek to enforce any award against the Debtor. On the other hand, Bryant will continue to suffer $20,000 worth of damages related to Debtor's contractor theft. Moreover, Debtor will not need to be involved with the underlying Minnesota claim as Bryant can simply get a default judgment to go to the Contractor Recovery Fund.

14.  Lastly, there is no question that Bryant will be successful in her Minnesota claim. It is clear that she paid Debtor and that Debtor did not work on her home, breaching their contract and creating liability under Minnesota Statutes, section 514.02.

15.  Based on these facts, there is cause to lift the stay and grant the relief

requested by. *See Rexene Products*, 141 B.R. at 576 ("cause" may be established by single factor including to permit action to proceed in another tribunal.)

## V. NOTICE

16. Notice of this Motion has been provided to (i) counsel to the Debtors; (ii) counsel to the United States Trustee; and (iii) those parties entitled to receive notice pursuant to Rules 2002 and 4001 of the Bankruptcy Rules and Rule 4001-1 of the Local Rules. No other or further notice need be provided.

## VI. NO PRIOR REQUEST

17. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Bryant respectfully requests that this Honorable Court enter an Order substantially in the form submitted herewith, modifying the automatic stay imposed by § 362(a) of the Bankruptcy Code so that she can complete her suit against Debtor in order to recover from the Minnesota Contractor Recovery Fund, and granting such other and further relief as this Court deems just and proper under the circumstances.

January 13, 2026                    Respectfully submitted,

                                                        COOCH AND TAYLOR, P.A.

                                                        */s/ Carmella P. Keener*
                                                       Carmella P. Keener (#2810)
                                                       1000 N. West Street, Suite 1500
                                                       P.O. Box 1680
                                                       Wilmington, DE 19899-1680
                                                       (302) 984-3816
                                                       ckeener@coochtaylor.com

                                                       HELLMUTH & JOHNSON
                                                       Neven Selimovic, #0400240
                                                       (*pro hac vice* motion forthcoming)
                                                       8050 W. 78th St.
                                                       Edina, MN 55439
                                                       Phone: 952-941-4005
                                                       Fax: 952-941-2337
                                                       Email: nselimovic@hjlawfirm.com

                                                       *Attorneys for Interested Party*
                                                       *Zeanta Jill Bryant*