**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Renovo Home Partners, LLC, *et al.,*[1] | ) | Case No. 25-11937 (TMH) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date:  April 14, 2026 at 11:00 a.m. (ET)** |
| | ) | **Obj. Deadline:   March 31, 2026 at 4:00 p.m. (ET)** |
| | ) | |

**MOTION OF RICARDO PALACIO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE FURTHER CONSENSUAL USE OF CASH
COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE
AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

Ricardo Palacio, the interim chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates (the "Estates"), by and through his proposed undersigned counsel, pursuant to sections 105 and 363(b) and (f) of Title 11 of the United States Code (the "Bankruptcy Code"), hereby submits the *Motion of Ricardo Palacio, Chapter 7 Trustee, for Entry of an Order (i) Authorizing the Further Consensual Use of Cash Collateral, (ii) Granting Adequate Protection, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief* (the "Motion"), pursuant to sections 105, 361, 362, 363, 503, 507(b) and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Renovo Home Partners, LLC (1823); HomeRenew Intermediate Holdings, Inc. (6614); HomeRenew Buyer, Inc. (9541); Dreamstyle Remodeling, LLC (2744); Dreamstyle Remodeling of California, LLC (2383); Legacy Custom Building & Remodeling (0376); Dreamstyle Remodeling of Idaho, LLC (4854); Dreamstyle Remodeling of Colorado, LLC (1233); Remodel USA, LLC (9255); Alure Designs, LLC (3142); Alure Home Improvements, LLC (6347); Reborn Cabinets, LLC (5709); Woodbridge Home Solutions of Kansas, LLC (8877); Newpro Operating, LLC (5129); Minnesota Rusco, LLC (7330); Woodbridge Home Solutions, LLC (0470); Newpro Plumbing LLC (7630); Reborn Manufacturing, LLC (4161); Woodbridge Shower and Bath LLC (2087).  The Debtors' mailing address was 4519 Sigma Road, Suite 100, Dallas, TX  75244.

{02205584;v1 }

pursuant to which the Trustee requests entry of an order (the "Proposed Order"),[2] substantially in the form attached hereto as **Exhibit A**, (a) authorizing the further use of the Estates' cash including, if any, "cash collateral" as such term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral"), in which the Prepetition Secured Parties (as defined below) assert a lien or other interest;[3] (b) granting adequate protection, solely to the extent provided in the Cash Collateral Orders, to the Prepetition Secured Parties; (c) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of the Proposed Order; and (d) granting related relief.  In support of this Motion, the Trustee incorporates by reference the *Declaration of Ricardo Palacio, Chapter 7 Trustee* filed in support of this Motion and attached hereto as **Exhibit B**, and further respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over these cases (the "Chapter 7 Cases") and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Order.

[3] To be clear, the use of the term Cash Collateral in connection with this Motion or the Cash Collateral Orders shall not be construed as an admission by the Trustee that any cash held by the Estates constitutes "cash collateral" (as defined in section 363(a) of the Bankruptcy Code) of any of the Prepetition Secured Parties and all rights, claims and causes of action of the Estates to challenge any liens, interests or claims asserted by any of the Prepetition Secured Parties is fully reserved by the Trustee for the benefit of the Estates.

4.      The statutory predicates for the relief requested include sections 105, 361, 362, 363, 503, 507(b) and 552 of the Bankruptcy Code, Rules 2002, 4001, 6004, and 9014 of the Bankruptcy Rules, and Rule 4001-2 of the Local Rules.

5.      Pursuant to Local Rule 9013-1(f), the Trustee hereby consents to entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

## GENERAL BACKGROUND[4]

6.      Prior to the Petition Date (as defined below), the Trustee understands the Debtors operated a direct-to-consumer platform that provided home repair and remodel products and services. The Trustee further understands that the Debtors' businesses consisted of multiple operating units, each of which operated independently in different regions of the United States.[5] The Trustee further understands that Debtors' principal place of business was 4519 Sigma Road, Suite 100, Dallas, TX 75244.

7.      On November 3, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, commencing these Chapter 7 Cases. (*See* Chapter 7 Cases, Dkt. Nos. 1). Each of the Debtors, however, failed to prepare and file their Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("Statements") and the Debtors' consolidated list of creditors is incomplete. As a result of these deficiencies, the Trustee believes that many parties in interest have not received notice of these Chapter 7 Cases.

---

[4] Additional background is set forth in the Original Motion (as defined below), which the Trustee incorporates herein by reference.

[5] For example, debtor Dreamstyle Remodeling operated primarily out of the Southwest United States, while debtor NewPro Operating conducted its business in the New England area.

8.      Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Ricardo Palacio to serve as interim Chapter 7 Trustee in these Chapter 7 Cases. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) has been adjourned to March 31, 2026.

### The Debtors' Prepetition Indebtedness[6]

9.      Prior to the Petition Date, one or more of the Debtors entered into that certain Amended and Restated Credit Agreement, dated as of April 14, 2025 (the "Existing Credit Agreement") by and among HomeRenew Buyer, Inc., HomeRenew Intermediate Holdings, Inc., the other persons party thereto designated as Credit Parties (as defined in the Credit Agreement), Alter Domus (US) LLC, as agent (the "Existing Agent"), MidCap Financial Trust, as joint lead arranger, and the lenders from time to time parties thereto (the "Lenders"), as lenders. The Lenders assert that the Debtors' indebtedness under the Existing Credit Agreement as of the Petition Date (the "Prepetition Indebtedness") includes any and all principal amounts owing or outstanding under the Existing Credit Agreement, interest on, fees and other costs, expenses and charges owing in respect of, such amounts (including, without limitation, any reasonable fees and expenses of attorneys, accountants, and financial advisors to the extent chargeable or reimbursable pursuant to the Existing Credit Agreement or related agreements), and any and all obligations and liabilities, contingent or otherwise, owed in respect of the letters of credit or other obligations outstanding thereunder.

10.      Pursuant to the Existing Credit Agreement, the Existing Agent and the Lenders under the Existing Credit Agreement assert that the Debtors were, as of the Petition Date,

---

[6] The following description of the Debtors' funded indebtedness is for informational purposes only and is qualified in its entirety by reference to the documents setting forth the specific terms of such obligations and their respective related agreements. All factual statement remains subject to the Trustee's ongoing investigation and should not be construed as an admission in any regard. The Trustee reserves all rights to amend, modify or supplement any statement of fact included herein.

indebted to the lenders under the Existing Credit Agreement in the aggregate principal amount of not less than $129,574,575.12 (plus accrued but uncapitalized interest, fees, and any other amounts due under the Existing Credit Agreement).

11.     The Lenders further assert that to secure the Prepetition Indebtedness under the Existing Credit Agreement, the Debtors entered into certain of the Collateral Documents (as defined and set forth in the Existing Credit Agreement, and together with the Existing Credit Agreement, the "Existing Agreements").

12.     Pursuant to the Collateral Documents, the Lenders assert that the Debtors party thereto granted security interests in, and continuing "Liens", as that term is defined in the Existing Agreements ("Liens"), on, certain assets of the Debtors (the "Collateral") to and/or for the benefit of the applicable Existing Agent or other applicable secured parties (the "Prepetition Secured Parties" and each, a "Prepetition Secured Party") under the Collateral Documents (such liens, the "Prepetition Liens").  The Prepetition Secured Parties assert that the Collateral includes cash collateral as defined in 11 U.S.C. § 363(a) (the "Cash Collateral") and the assets of the Debtors in or upon which the Lenders assert that liens or other security interests have been granted in favor or for the benefit of the Prepetition Secured Parties in connection with, pursuant to, or under the applicable Existing Agreements that existed as of the Petition Date and, subject to section 552 of the Bankruptcy Code, postpetition proceeds, products, offspring, rents, and profits.

13.     To be clear, and for the avoidance of doubt with regard to certain of the Debtors' deposit accounts, the Trustee asserts that the Prepetition Secured Parties do **not** hold properly perfected and unavoidable security interests.[7]  However, for purposes of this Motion and the

---

[7] The Trustee understands that no deposit account control agreements ("DACAs") were put in place for the benefit of the Prepetition Secured Parties on any of the Debtors' bank accounts.  Notwithstanding the lack of DACAs, the Prepetition Secured Parties continue to assert that they hold valid and perfected liens in the cash held by the Estates.

Proposed Order, the Parties' agreement concerning the use of Cash Collateral avoids the need to litigate that issue at this time.  The Trustee reserves all rights concerning the Existing Credit Agreement, the Prepetition Indebtedness, the Prepetition Liens and the Prepetition Secured Parties, including without limitation, to object to (i) the validity, priority or perfection of the security interests and Liens asserted by the Prepetition Secured Parties in the Cash Collateral, (ii) the indebtedness and amounts claimed as due and owing by the Prepetition Secured Parties in connection with the Existing Agreement, (iii) the validity of the Existing Agreements, and (iv) any liens, security interests or claims asserted by any of the Prepetition Secured Parties.

### The Trustee's Original Cash Collateral Motion

14.     On January 8, 2026, the Trustee filed the *Motion of Ricardo Palacio, Chapter 7 Trustee, for Entry of Interim and Final Orders (i) Authorizing the Consensual Use of Cash Collateral, (ii) Granting Adequate Protection, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief* [Docket No. 61] (the "Original Motion").  On January 13. 2026, the Court entered that certain Interim Order [Docket No. 80] (the "Interim Order") granting the Original Motion on an interim basis.  Thereafter, on February 5, 2026, the Court entered that certain Final Order [Docket No. 132] (the "Final Order") granting the Original Motion on a final basis.  Attached to the Final Order as "Exhibit A" is the Trustee's initial budget for anticipated costs to be incurred through January 31, 2026 (the "Initial Budget").

15.     Pursuant to the authority granted by entry of the Final Order, the Trustee, his professionals and certain former employees retained as consultants by the Trustee, have endeavored to gather and prepare the Debtors' Schedules and Statements, gather certain of the Debtors' business records that may contain employees' or customers' personally identifiable information, secure continued access to the Debtors' information technology systems and platforms necessary to the administration of the Estates, and otherwise perform the tasks

necessary to administer these Chapter 7 Cases. While the Trustee continues to use the funds available under the Initial Budget, additional funds are required to continue to administer these Chapter 7 Cases.[8]

### The Estates' Liquidity Needs

16.     The Trustee requires further access to cash to preserve the value of the Estates' assets and administer these Chapter 7 Cases for the benefit of all parties in interest. Following extensive arm's length and good faith negotiations between the Debtors and the Prepetition Secured Parties, the Prepetition Secured Parties have consented to the Trustee's further use of Cash Collateral up to $3,336,000 (inclusive of amounts set forth in Initial Budget) to fund the costs of administering the Estates during the time period covered by the supplemental budget attached to the Proposed Order as **Exhibit A** (the "Supplemental Budget"), subject to permitted variances, on the terms set forth in the Proposed Order.[9]

### RELIEF REQUESTED AND BASIS THEREFOR

17.     The Trustee requests entry of the Proposed Order (a) authorizing the further use of the Estates' cash, including the Cash Collateral in which the Prepetition Secured Parties assert a lien or other interest; (b) granting adequate protection, solely to the extent provided in the Proposed Order, to the Prepetition Secured Parties; (c) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of the Proposed Order; and (d) granting related relief. The bases for the relief requested herein are sections 105, 361, 362, 363, 503, 507(b) and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004 and 9014, and Local Rule 4001-2.

---

[8] As discussed in the Original Motion, the Initial Budget was not anticipated to be sufficient to fully administer these Chapter 7 Cases and additional use of cash would be required.

[9] While the Trustee anticipates that the Supplemental Budget will be sufficient to satisfy those additional expenses reflected in the Supplemental Budget, there is no guarantee that the Supplemental Budget will be sufficient to satisfy all expenses necessary to fully administer the Estates. The Trustee, therefore, reserves all rights to seek Bankruptcy Court approval (if necessary) for the additional use of Cash Collateral on a consensual basis or otherwise.

**Concise Statement Pursuant to**
**Bankruptcy Rule 4001 and Local Rule 4001-2**

18.     Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2(a), the Trustee submits

the following concise statement summarizing the material terms of the Proposed Order.[10]

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| **Parties with an Interest in Cash Collateral Bankruptcy Rule 4001(b)(1)(B)(i)** | Alter Domus (US) LLC, as agent (the "Existing Agent"), MidCap Financial Trust, as joint lead arranger, and the lenders from time to time parties thereto (the "Lenders"), as lenders. | ¶ 4(a) |
| **Purposes for Use of Cash Collateral Bankruptcy Rule 4001(b)(1)(B)(ii); Local Rule 4001-2(a)(i)** | The Trustee seeks authority to use Cash Collateral to pay costs in connection with the administration of the Chapter 7 Cases and claims or amounts approved by the Court or as required under the Bankruptcy Code, and for other purposes as set forth in the Supplemental Budget. | ¶ 5(b) |
| **Term and Termination Events/ Events of Default Bankruptcy Rule 4001(b)(1)(B)(iii); Local Rule 4001-2(a)(i)(M)** | The Prepetition Secured Parties' consent to the Trustee's use of Cash Collateral shall terminate on the earlier of (i) October 31, 2026 or (ii) any Termination Event (as defined in the Proposed Order). | ¶9 |
| **Release Bankruptcy Rule 4001(b)(1)(B)(iii)** | None. | N/A |

---

[10] Any summary of the terms of the Proposed Order contained in this Motion is qualified in its entirety by reference to the provisions of the Proposed Order. To the extent there is a conflict between the Motion and the Proposed Order, the Proposed Order shall control in all respects.

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| **Adequate Protection Bankruptcy Rule 4001(b)(1)(B)(iv)** | The Prepetition Secured Parties are entitled, pursuant to sections 361, 363(c)(2), and 363(e) of the Bankruptcy Code, to adequate protection of their interests, if any, in the Cash Collateral, in an amount equal to the diminution in value of their respective interests in the Cash Collateral solely on account of the Trustee's use of Cash Collateral, or (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code.  As adequate protection, the Prepetition Secured Parties are hereby granted, to the extent of the aggregate diminution in the value of their interests in the Cash Collateral, the following (collectively, the "Adequate Protection Obligations"), provided, that, notwithstanding anything to the contrary in this Final Order, the Adequate Protection Obligations (including, without limitation, the Adequate Protection Liens and the 507(b) Claims, each as defined below) shall be incurred and deemed allowed only to the extent, and in the same measure, that any of the asserted Prepetition Liens of the Prepetition Secured Parties in the Cash Collateral are determined to be valid, enforceable, perfected, and unavoidable under applicable law, and all rights, claims, and defenses of the Trustee to investigate, object to, challenge, avoid, subordinate, or otherwise contest any such asserted Prepetition Liens, the Prepetition Indebtedness, and the Adequate Protection Obligations are expressly preserved and not waived by this Final Order:<br><br>Adequate Protection Liens.  Valid, enforceable, non-avoidable, perfected security interests in and Liens on (the "Adequate Protection Liens") all property of any kind or nature whatsoever, whether now owned or hereafter acquired or existing and wherever located, of each Debtor's estate (as created pursuant to section 541(a) of the Bankruptcy Code), whether real or personal, tangible or intangible, including all cash, accounts, inventory, goods, contract rights, instruments, documents, chattel paper, intellectual property including, without limitation, patents, trademarks, copyrights and licenses, accounts receivable, receivables and receivables records, general intangibles, payment intangibles, tax, or other refunds, insurance proceeds, letters of credit, owned real estate, real property leaseholds, fixtures, vehicles, deposit accounts, commercial tort claims, securities accounts, investment property, letter-of-credit rights, supporting obligations, machinery and equipment, proceeds of leases (but not any lease to the extent prohibited by such lease), securities including, without limitation, all of the issued and outstanding capital stock of each subsidiary of each Debtor and other equity or ownership interests, including equity interests in non-wholly owned subsidiaries, money, and causes of action (other than causes of action and the proceeds thereof, if any, (i) under Chapter 5 of the Bankruptcy Code or (ii) against any of | ¶ 15 |

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| | the Prepetition Secured Parties in their respective capacities as lender, equity holder or any other capacity whatsoever), Cash Collateral, and all cash and non-cash proceeds, rents, products, substitutions, accessions, and profits of any of the collateral described above (all such property, the "Adequate Protection Collateral"), which Liens and security interests shall be senior to any and all other Liens and security interests, subject only to (i) the Carve-Out and (ii) any Liens permitted under the Existing Agreements. | |
| **The Amount of Cash Collateral the Debtor Seeks Permission to Use** Local Rule 4001-2(a)(i)(A) | The Debtors shall be allowed to use Cash Collateral in the amount of up to $3,336,000 (inclusive of amounts set forth in Initial Budget) as set forth in the Supplemental Budget, subject to the Permitted Variances (as defined below). | ¶ 6(b) and Exhibit A |
| **Fees** Local Rule 4001-2(a)(i)(B) | None. | N/A |
| **Provisions that Limit the Court's Discretion** Local Rule 4001-2(a)(i)(C) | None. | N/A |
| **Funding of Non-Debtor Affiliates With Cash Collateral** Local Rule 4001-2(a)(i)(D) | None. | N/A |
| **Budget, Reporting, and Variance Covenants** Local Rule 4001-2(a)(i)(E) | Attached as Exhibit A to the Proposed Order is the Supplemental Budget (as defined below), including anticipated uses of the Cash Collateral for such designated period.<br><br>The Supplemental Budget is subject to a 15% Permitted Variance.<br><br>The Trustee has agreed to provide information and due | ¶¶ 6(b); 7; 15(c) |

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| | diligence, as reasonably requested, to the Existing Agent, the Lenders, Agent Counsel, Lender Counsel or such other advisors as directed. | |
| **Carve-Out Local Rule 4001-2(a)(i)(F)** | The Existing Agent (at the direction of the Required Lenders) on behalf of the Prepetition Secured Parties, agrees to subordinate the liens and claims asserted by the Prepetition Secured Parties (the "Carve-Out") to the following extent: (a) any administrative fees or expenses incurred by the Trustee or the Debtors' estates (other than professional fees and expenses discussed in clause "(c)" below) prior to the issuance of a Carve-out Notice, that are included in the Budget and regardless of whether such fees and expenses are subject to allowance by order of the Court, (b) allowed and unpaid commissions and expenses permitted under section 326(a) of the Bankruptcy Code; and (c) allowed, accrued and unpaid fees and out-of-pocket expenses (regardless of when such fees and expenses become allowed by order of the Court) of the Trustee's professionals retained by order of the Court (or whose application for retention is then pending, provided such application is ultimately approved), incurred on or prior to the occurrence of a Carve-Out Event (as defined below) and in aggregate accrued amounts for such professionals not in excess of the total amounts set forth in the Budget through the date of such Carve-Out Event. For the purposes hereof, a "Carve-Out Event" shall occur upon the occurrence and during the continuance of a Termination Event and upon delivery of a written notice thereof to the Trustee (a "Carve-Out Notice"). So long as no Carve-Out Event shall have occurred and be continuing, the Carve-Out shall continue and the Trustee shall be authorized to pay pursuant to the Carve-Out fees, expenses, and disbursements of professionals retained by the Trustee by order of this Court allowed by this Court and payable under sections 328, 330, and 331 of the Bankruptcy Code, which allowed fees, expenses and disbursements shall only be paid in accordance with and subject to a Budget approved by the Required Lenders. Upon the delivery of a Carve-Out Notice, the right of the Trustee to pay professional fees incurred after the date of issuance of the Carve-Out Notice shall terminate and upon receipt of such notice, and the Trustee shall provide immediate notice by email to all retained professionals informing them that a Carve-Out Event has occurred. The Carve-Out shall not be available to pay any professional fees and expenses incurred in connection with the initiation or | ¶ 8 |

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| | prosecution of any claims, causes of action, adversary proceedings, or other litigation against the Prepetition Secured Parties, or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys, employees, or advisors, in any capacity. | |
| **Liens on Unencumbered Assets** Local Rule 4001-2(a)(i)(G) | None. | N/A |
| **Milestones** Local Rule 4001-2(a)(i)(H) | None. | N/A |
| **Prepayment Penalty** Local Rule 4001-2(a)(i)(I) | None. | N/A |
| **Joint Liability** Local Rule 4001-2(a)(i)(J) | The Debtors are jointly and severally liable for the 507(b) Claims. | ¶ 15(b) |
| **Payment of Secured Party's Fees Without Review** Local Rule 4001-2(a)(i)(K) | None. | N/A |
| **Use of Estate Funds for Investigations** Local Rule 4001-2(a)(i)(L) | The Trustee has agreed that under the Proposed Order no Cash Collateral shall be authorized to be used to fund any investigation of the Prepetition Secured Parties' liens, security interests or claims. | ¶ 6(a) |
| **Cross-Collateralization and Administrative Expense Status** Local Rule 4001-2(a)(i)(N) | The Propsoed Order does not provide for cross-collateralization, other than replacement liens as adequate protection to the extent of any diminution in value of the interests of the Prepetition Secured Parties in the Collateral, solely on account of the Trustee's use of Cash Collateral. | ¶ 15 |
| **Roll Up** Local Rule 4001-2(a)(i)(O) | None. | N/A |

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| **Non-Consensual Priming Liens Local Rule 4001-2(a)(i)(P)** | None. | N/A |
| **Binding Effect of the Debtors' Stipulations on Third Parties Local Rule 4001-2(a)(i)(Q)** | None. | N/A |
| **Challenge Period Bankr. R. 4001(C)(1)(B) Local Rule 4001-2(a)(i)(Q)** | None. | N/A |
| **Provisions Approving All Terms of the Loan Agreement Local Rule 4001-2(a)(i)(R)** | None. | N/A |
| **Waiver/Modification of Automatic Stay Local Rule 4001-2(a)(i)(S)** | The automatic stay shall be modified to effectuate the terms of the Proposed Order, including to validate and perfect the Adequate Protection Lines granted pursuant to the Proposed Order. | ¶ 17(a) |
| **Provisions Limiting Arguments Local Rule 4001-2(a)(i)(T)** | None. | N/A |
| **Liens on Avoidance Actions Local Rule 4001-2(a)(i)(U)** | None. | N/A |
| **Section 506(c) Waiver Local Rule 4001-2(a)(i)(V)** | None. | N/A |

| Summary of Material Terms and Significant Provisions Pursuant to Rule 4001 and Local Rule 4001-2(a)(i) | | Location |
|---|---|---|
| **Section 552(b) Waiver**<br>**Local Rule 4001-2(a)(i)(W)** | The Prepetition Secured Parties shall be entitled to all of the rights and benefits of section 552 of the Bankruptcy Code, subject to and effective upon entry of a Final Order, the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Secured Parties with respect to (i) proceeds, products, offspring, or profits of any of the Collateral, including the Cash Collateral or (ii) the extension of the Adequate Protection Liens to cover proceeds of the Collateral. | ¶ 13 |
| **Marshalling Waiver**<br>**Local Rule 4001-2(a)(i)(X)** | None. | N/A |

**Basis for Relief**

**I.**      **The Estates' Use of Cash Collateral Is Necessary**

19.      Section 363 of the Bankruptcy Code governs the Trustee's use of property of the estates, including Cash Collateral. Pursuant to section 363 of the Bankruptcy Code, a trustee may use cash collateral as long as "each entity that has an interest in such cash collateral consents" or "the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2)(A), (B).  Here, the Prepetition Secured Parties have consented to the Trustee's use of Cash Collateral, subject to the terms of the Proposed Order and the Supplemental Budget.

20.      The Trustee requires immediate access to Cash Collateral to ensure that he is able to preserve the value of the Estates and administer these Chapter 7 Cases for the benefit of all parties in interest. The Prepetition Secured Parties assert that all, or substantially all, of the Debtors' available cash constitutes Cash Collateral of the Prepetition Secured Party, and the Prepetition Secured Parties have security interests in and liens on substantially all the Debtors' assets. While the Trustee disputes that the Prepetition Secured Parties hold a perfected security interest in the Estates' cash, the Trustee has been able to negotiate for the use of the Estates' cash without any stipulation or judicial determination that the Estates' cash constitutes Cash Collateral of the Prepetition Secured Parties.

21.      The terms and conditions of the Trustee's use of Cash Collateral are set forth in the Proposed Order and the Supplemental Budget, which together reflect the negotiated terms that the Prepetition Secured Parties have consented to with respect to the Trustee's use of Cash Collateral.  Taken as a whole, the Trustee submits that the consensual terms of the Trustee's use of Cash Collateral are fair and reasonable under the circumstances. Accordingly, the Trustee believes that the requirements of section 362(c)(2) of the Bankruptcy Code have been satisfied,

and relief is warranted under the circumstances.

## II.   The Adequate Protection Provisions Are Appropriate

22.   Section 363(e) of the Bankruptcy Code provides for adequate protection of interests in property when a debtor uses cash collateral. *See* 11 U.S.C. § 363(e) ("[O]n request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."). Section 362(d)(1) of the Bankruptcy Code also provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).

23.   While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case[-]by[-]case basis."); *In re Columbia Gas Sys., Inc.*, 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992). The essential purpose of adequate protection is to protect against the diminution in value of a secured creditor's collateral during the period when such collateral is being used by the debtor in possession. *See In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180–81 (Bankr. D. Del. 1993) (holding that adequate protection for use of collateral under section 363 of the Bankruptcy Code is limited to use-based decline in value); *see also In re Monroe Park*, 17 B.R. 934, 937 (D. Del. 1982) (noting that adequate protection requires a debtor to propose some form of relief that will preserve the secured creditor's interest in collateral during the case).

24.   The Trustee proposes granting the following adequate protection to the Prepetition Secured Party (collectively, the "Adequate Protection"):

a. Adequate Protection Obligations. The Prepetition Secured Parties are entitled, pursuant to sections 361, 363(c)(2), and 363(e) of the Bankruptcy Code, to adequate protection of their interests, if any, in the Cash Collateral, in an amount equal to the diminution in value of their respective interests in the Cash Collateral solely on account of the Trustee's use of Cash Collateral, or (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code.  As adequate protection, the Prepetition Secured Parties are hereby granted, to the extent of the aggregate diminution in the value of their interests in the Cash Collateral, the following (collectively, the "Adequate Protection Obligations"), provided, that, notwithstanding anything to the contrary in this Final Order, the Adequate Protection Obligations (including, without limitation, the Adequate Protection Liens and the 507(b) Claims, each as defined below) shall be incurred and deemed allowed only to the extent, and in the same measure, that any of the asserted Prepetition Liens of the Prepetition Secured Parties in the Cash Collateral are determined to be valid, enforceable, perfected, and unavoidable under applicable law, and all rights, claims, and defenses of the Trustee to investigate, object to, challenge, avoid, subordinate, or otherwise contest any such asserted Prepetition Liens, the Prepetition Indebtedness, and the Adequate Protection Obligations are expressly preserved and not waived by this Final Order.

b. Adequate Protection Liens.  Valid, enforceable, non-avoidable, perfected security interests in and Liens on (the "Adequate Protection Liens") all property of any kind or nature whatsoever, whether now owned or hereafter acquired or existing and wherever located, of each Debtor's estate (as created pursuant to section 541(a) of the Bankruptcy Code), whether real or personal, tangible or intangible, including all cash, accounts, inventory, goods, contract rights, instruments, documents, chattel paper, intellectual property including, without limitation, patents, trademarks, copyrights and licenses, accounts receivable, receivables and receivables records, general intangibles, payment intangibles, tax, or other refunds, insurance proceeds, letters of credit, owned real estate, real property leaseholds, fixtures, vehicles, deposit accounts, commercial tort claims, securities accounts, investment property, letter-of-credit rights, supporting obligations, machinery and equipment, proceeds of leases (but not any lease to the extent prohibited by such lease), securities including, without limitation, all of the issued and outstanding capital stock of each subsidiary of each Debtor and other equity or ownership interests, including equity interests in non-wholly owned subsidiaries, money, and causes of action (other than causes of action and the proceeds thereof, if any, (i) under Chapter 5 of the Bankruptcy Code or (ii) against any of the Prepetition Secured Parties in their respective capacities as lender, equity holder or any other capacity whatsoever), Cash Collateral, and all cash and non-cash proceeds, rents, products, substitutions, accessions, and profits of any of the collateral described above (all such property, the "Adequate Protection Collateral"), which Liens and security interests shall be senior to any and all other Liens and security interests, subject only to (i) the Carve-Out and (ii) any Liens permitted under the Existing Agreements.[11]

---

[11] The Proposed Order expressly preserves all rights concerning JPM's Claims (as defined in the Proposed Order). *See* Proposed Order at ¶23.

c. <u>Supplemental Budget</u>. Attached as <u>Exhibit A</u> to the Proposed Order is a budget setting forth the amount of Cash Collateral to be used for the period beginning on the Petition Date and continuing through October 31, 2026.  The Existing Agent, as directed by the Required Lenders (as defined below) on behalf of the Prepetition Secured Parties, has approved the Supplemental Budget and agreed to a Carve-Out (as defined below) from the Collateral.  Cash Collateral used pursuant to this Final Order shall be used in accordance with the Supplemental Budget, subject to Permitted Variances.

d. <u>Reporting Obligations</u>.  Subject to there existing sufficient available funds in the Supplemental Budget to satisfy related fees and expenses, the Trustee is authorized to promptly provide to the Existing Agent, the Lenders, Agent Counsel (as defined below), Lender Counsel (as defined below), and to such other advisors as directed, such information and due diligence materials as the Existing Agent and/or the Required Lenders reasonably request, and shall meet with (or cause counsel to the Trustee, contracted employees and/or advisors to meet with the Required Lenders and/or their advisors at reasonable times upon request of the Existing Agent and/or Required Lenders.

25.     The Trustee respectfully submits that the proposed Adequate Protection is sufficient to protect the Prepetition Secured Parties from any diminution in value to the Prepetition Collateral during pendency of these Chapter 7 Cases. Additionally, as noted above, the Prepetition Secured Parties have consented to the Trustee's use of Cash Collateral in exchange for, among other things, the Adequate Protection.  Furthermore, the grant of adequate protection is limited solely to the diminution in the value of the Prepetition Secured Parties' Collateral solely by the Trustee's use of Cash Collateral and premised entirely on the Prepetition Secured Parties holding valid, perfected and enforceable liens in the Cash Collateral, which dispute is fully reserved.

26.     In light of the foregoing, the Trustee submits that the proposed Adequate Protection to be provided for the benefit of the Prepetition Secured Parties is appropriate and consistent with the forms of adequate protection routinely approved in this District and others under similar circumstances. The proposed Adequate Protection is fair and appropriate under the circumstances of these Chapter 7 Cases.

### III.    The Automatic Stay Should Be Modified on a Limited Basis

27.    The relief requested herein contemplates a modification of the automatic stay to permit the Trustee to, among other things, grant the security interests and liens described above to the Prepetition Secured Parties, perform such acts as may be requested to assure the perfection and priority of such security interests and liens, and incur all liabilities and obligations to the Prepetition Secured Parties under the Proposed Order, and make payments in accordance with the terms of the Proposed Order and the Supplemental Budget.

### IV.    Waiver of Stay Under Bankruptcy Rule 4001(a)(3) and Any Applicable Stay

28.    The Trustee requests a waiver of the stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 4001(a)(3). Bankruptcy Rule 4001(a)(3) provides that "[an] order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). As explained herein, continued access to Cash Collateral is essential to enable the Trustee to administer the Estates.  Accordingly, the Trustee submits that ample cause exists to justify the waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3), to the extent such stay applies.

29.    The Trustee also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h) to the extent applicable, which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Trustee seeks in this Motion is necessary to preserve value for the Estates through these Chapter 7 Cases. Accordingly, the Trustee respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the uninterrupted use of Cash Collateral is essential to prevent irreparable damage to the Estates and justifies the

immediate effectiveness of the relief requested in this Motion.

## RESERVATION OF RIGHTS

30.    Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Estates' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Estates; (g) a waiver or limitation of the Estates', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Trustee or the Estates that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## NOTICE AND NO PRIOR REQUEST

31.    The Trustee has provided notice of this Motion by serving a copy of the Motion upon: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors, (c) counsel to the Existing Agent, (d) Lender Counsel, (e) counsel to JPMorgan Chase

Bank, N.A., and (f) all parties that have requested service in the Chapter 7 Cases pursuant to Fed.R.Bankr.P. 2002. The Trustee respectfully submits that no further notice is required.

32.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: March 17, 2026
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email:  GTaylor@ashbygeddes.com

*Counsel for Ricardo Palacio, Interim Chapter 7 Trustee*

and-

**COZEN O'CONNOR**
John T. Carroll, III (DE Bar No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, Delaware  19801
Tel: (302) 295-2028
Email:  jcarroll@cozen.com

*Co-counsel for Ricardo Palacio, Interim Chapter 7 Trustee*